UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD SANTANA,

        Plaintiff,

v.                                    Case No: 2:16-cv-30-FtM-99CM

STCR ACQUISITION, LLC,

        Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant STCR Acquisition, LLC's Motion to Dismiss (Doc. #18) filed on March 4, 2016. Plaintiff Edward Santana filed a Response in Opposition (Doc. #22) on March 11, 2016. The matter is ripe for review.

## Background

This is an employment discrimination action. In November 2015, Plaintiff applied for a hostess position in Defendant's restaurant. (Doc. #17 at 6). Ultimately, Defendant decided to hire someone else for the position. (Doc. #17 at 6). When Plaintiff inquired as to why someone else was chosen, Defendant's manager noted that they "mostly only hire young female hostesses in or around their teens or [twenties]." (Doc. #17 at 8). The manager also noted that the restaurant does "not hire males for the position of hostess due to the preferences of [its] owner and human resource[s] department." (Doc. #17 at

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

8-9). Believing Defendant's actions and comments constitute age and gender discrimination, Plaintiff filed a two-count Complaint. (Doc. #17). Count I alleges Defendant violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 626, by failing or refusing to hire Plaintiff because of his age. (Doc. #17 at 11-12). Count II alleges Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, by discriminating against him on the basis of his gender. (Doc. #17 at 12-14). Defendant now asks the Court to dismiss these claims. (Doc. #18).

## Legal Standard

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. See *Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557).

Because Plaintiff is proceeding *pro se*, the Court construes his complaint more liberally than had it been drafted by an attorney. See *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990).

**Discussion**

Defendant believes the Court should dismiss Plaintiff's Amended Complaint because it constitutes an impressible shotgun pleading.[2] ([Doc. #18 at 4-8](Doc. #18 at 4-8)). Plaintiff disagrees, arguing that his Amended Complaint satisfies the Federal Rules of Civil Procedure and provides Defendant with sufficient notice. ([Doc. #22](Doc. #22)). The Court agrees with Plaintiff.

A shotgun pleading is a complaint "that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." [Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008)](Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008)) (citing [Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir. 2001)](Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir. 2001))). Such pleadings are typically "confusing, incoherent, and clogged with seemingly irrelevant factual allegations." *Id.* This is primarily due to the fact that shotgun pleadings "incorporate[] every antecedent allegation by reference into each subsequent claim for relief, making it "virtually impossible to know which allegations of fact are intended to support which claims for relief." [Frantz v. Walled, 513 F. App'x 815, 820 (11th Cir. 2013)](Frantz v. Walled, 513 F. App'x 815, 820 (11th Cir. 2013)). It is no surprise that "[p]leadings of this nature are prohibited by Rule 8(a)(2), which requires a claim for relief to be "a short and plain statement of the claim showing that the pleader is entitled to relief." [Lampkin-Asam, 261 F. App'x at 277](Lampkin-Asam, 261 F. App'x at 277) (citing Fed. R. Civ. P. 8(a)(2)).

Turning to this action, the Court finds Plaintiff's Amended Complaint is not a shotgun pleading. While Plaintiff incorporates by reference every preceding paragraph into Count II, the amended Complaint is not confusing, incoherent, or clogged with

---

[2] The Court would like to acknowledge Defendant's two-and-a-half page string cite detailing the Eleventh Circuit's view of shotgun pleadings. Should Defendant have the urge to provide a string cite of this length in the future, the Court recommends limiting it to a paragraph, especially when each case in the citation stands for the same proposition. After all, the Court is well versed in areas such as this.

irrelevant factual allegations. Plaintiff neatly separates his Amended Complaint into multiple sections, including a section for his "fact[s] common to all counts" and sections for Counts I and II. The Amended Complaint provides Defendant with clear and concise notice of the allegations underlying both the ADEA and Title VII claims. This is especially true when the Amended Complaint is liberally construed based on Plaintiff's *pro se* status. Therefore, Defendant's Motion to Dismiss must be denied.

Accordingly, it is now

**ORDERED:**

Defendant STCR Acquisition, LLC's Motion to Dismiss (Doc. #18) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 11th day of April, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record