UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD SANTANA,

        Plaintiff,

v.                                                Case No:   2:16-cv-30-FtM-38CM

STCR ACQUISITION, LLC,

        Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff Edward Santana's Motion to Reopen Case with Good Cause (Doc. #60) filed on August 30, 2016.  Defendant STCR Acquisition, LLC ("STCR") filed a Response in Opposition (Doc. #64) to Santana's Motion to Reopen on September 14, 2016.  The matter is ripe for review.

## BACKGROUND

This matter is rooted in Santana's allegations of employment discrimination. Specifically, Santana applied for a hostess position with STCR in November of 2015, but was not selected for employment.  (Doc. #17 at 6).  Santana's First Amended Complaint alleges that an STCR representative explained the hiring decision by stating that they "mostly only hire young female hostesses in or around their teens or [twenties]."  (Doc. #17 at 8).  Santana also alleges the representative stated that STCR generally did "not

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

hire males for the position of hostess due to the preferences of [its] owner and human resource[s] department . . . ." (Doc. #17 at 8-9).

On August 1, 2016, a Mediation Report (Doc. #57) was filed, indicating that the parties had resolved all claims asserted in this action.  Thereafter, on August 8, 2016, the Court issued an Order of Dismissal (Doc. #59) without prejudice, allowing any party to move to reopen the case upon a showing of good cause by September 7, 2016.

On August 30, 2016, Santana filed a Motion to Reopen Case with Good Cause (Doc. #60), stating that although the Parties had come to a settlement agreement, STCR had breached the terms of the settlement agreement.  That same day, Santana also filed a Motion to Enforce Settlement Agreement (Doc. #61), and an Amended Motion to Compel Responsive Answers to Interrogatories and Production of Documents. (Doc. #62).

For its part, although STCR responded in opposition to Santana's Motion to Reopen, and has responded to Santana's Motion to Enforce Settlement Agreement, it does not dispute the terms of the settlement or oppose the matter being reopened for the sole purpose of addressing Santana's arguments as to the enforcement of the parties' settlement agreement. (Docs. #64 at 3, #65 at 2).

## DISCUSSION

Upon review of the mediation report, wherein it was indicated that the parties had settled this matter (Doc. #57), the Court directed the Clerk of Courts to administratively close the case. (Doc. #59).  This was done pursuant to Local Rule 3.08(b), which states:

> When notified that a case has been settled and for purposes of administratively closing the file, the Court may order that a case be dismissed subject to the right of any party to move the Court within sixty (60) days thereafter (or within such other

> period of time as the Court may specify) for the purpose of entering a stipulated form of final order or judgment; or, on good cause shown, to reopen the case for further proceedings.

Despite Santana's argument, and STCR's lack of opposition to reopening the case for purposes limited to enforcement of the settlement, it is well established that "[e]nforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378 (1994). More specifically, absent an express prior reservation of authority, the Court does not have jurisdiction to enforce a settlement agreement. *See Anago Franchising, Inc. v. Shaz, LLC,* 677 F.3d 1272, 1281 (11th Cir. 2012).

The plain language of Santana's motions leaves no doubt that the true intent behind moving to reopen the case is to enforce the terms of the parties' settlement agreement through a breach of contract analysis. In light of *Kokkonen*, and because the parties did not previously reserve authority for the Court to adjudicate claims stemming from attempts to enforce their settlement agreement, reopening this case would be improper, as the Court lacks subject matter jurisdiction over the parties' breach of contract claims. 511 U.S. at 382. That said, this Order does not leave the parties without a remedy. "Settlement agreements are contracts and thus may be adjudicated in courts with jurisdiction over the contract." *Anago,* 677 F. 3d at 1281. As such, the parties are free to seek redress in a more proper forum.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Reopen Case with Good Cause (Doc. #60) is **DENIED**.

2. Plaintiff's Motion to Enforce Settlement Agreement (Doc. #61), and Amended Motion to Compel Responsive Answers to Interrogatories and Production of Documents (Doc. #62) is **DENIED** as moot.

3. Defendant's Motion for Enlargement of Time to Respond to Plaintiff's Amended Motion to Compel Responsive Answers to Interrogatories and Production of Documents (Doc. #66) is **DENIED** as moot.

4. The Clerk is **DIRECTED** to terminate all motions, enter judgment dismissing the case, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of September, 2016.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record